Citation Nr: AXXXXXXXX
Decision Date: 05/28/21 Archive Date: 05/28/21

DOCKET NO. 190214-3214
DATE: May 28, 2021

REMANDED

Entitlement to service connection for right ear sensorineural hearing loss is remanded.

REASONS FOR REMAND

The Veteran served on active duty from August 1969 to May 1971.

A rating decision was issued under the legacy system in September 2015. In April 2018, the Veteran opted into the modernized review system, also known as the Appeals Modernization Act (AMA), by submitting a Rapid Appeals Modernization Program (RAMP) election form and selecting the higher-level review (HLR) lane. The agency of original jurisdiction (AOJ) issued a RAMP HLR decision in September 2018, which is the decision on appeal. 

In the February 2019 RAMP Selection Form, the Veteran elected the Direct Review docket. Therefore, the Board may only consider the evidence of record at the time of the RAMP opt-in. 38 C.F.R. § 20.301.

A September 2019 Board decision denied, in pertinent part, entitlement to service connection for right ear sensorineural hearing loss. The Veteran appealed the Board's denial of this issue to the United States Court of Appeals for Veterans Claims (Court). A December 2020 Order of the Court granted the parties' Joint Motion for Partial Remand (JMPR), vacated the Board's decision, but only as it pertained to entitlement to service connection for right ear sensorineural hearing loss, and returned the matter to the Board. 

Entitlement to service connection for right ear sensorineural hearing loss is remanded.

The issue of entitlement to service connection for right ear sensorineural hearing loss is remanded to correct a duty to assist error that occurred prior to the September 2018 RAMP HLR decision on appeal. 

The AOJ provided the Veteran with a September 2015 VA medical examination prior to the rating decision on appeal. In the December 2020 JMPR, the parties stipulated that the September 2015 VA examination report is inadequate, and therefore, that the Board erred when it failed to ensure that the VA examination relied upon was adequate to satisfy the duty to assist.

The September 2015 VA examiner provided a negative nexus opinion based on the Veteran having normal hearing at both entrance and separation from service, as well as the 2005 Institute of Medicine (IOM) report regarding delayed onset hearing loss. The JMPR found the September 2015 examination inadequate for the following three reasons.

First, because having "normal hearing" at separation does not disqualify a veteran from later receiving service-connected benefits for hearing loss, should it be determined that his hearing loss is related to service. See Hensley v. Brown, 5 Vet. App. 155, 159-60 (1993). 

Second, the VA examiner relied extensively on the IOM report, despite having quoted the portion of the report that indicates "[t]here is not sufficient evidence from longitudinal studies in laboratory animals or humans to determine whether permanent noise-induced hearing loss can develop much later in one's lifetime, long after the cessation of that noise exposure. See McCray v. Wilkie, 31 Vet. App. 243 (2019).

Third, the parties note that the VA examiner provided inconsistent responses regarding whether Appellant had significant threshold shifts in his right ear in service. Specifically, in answering the direct question as to whether Appellant had a significant permanent threshold shift in his right ear, the VA examiner responded yes, but in the rationale provided, the examiner stated that there were no significant threshold shifts in service.

Given these inadequacies, the parties agreed that a new VA examination must be provided to the Veteran that is: consistent with the holding in Hensley; clarifies whether the Veteran had any permanent, significant threshold shifts in his right ear during service; and provides consistent and adequate rationale for the opinion rendered, including addressing that the IOM report is not definitive as to delayed-onset hearing loss. See McCray, 31 Vet. App. 243.

The JMPR also noted that the Board failed to address Watai v. Brown, 9 Vet. App. 441, 444 (1996) when assessing a June 2015 private audiologist report from Dr. Johnson. In the report, the audiologist opined that the Veteran's hearing loss was "possibly" due to his military service, but that it would be necessary for the Veteran's VA file to be reviewed before a final medical opinion could be rendered. On remand, the RO should inform the Veteran that he may authorize VA to provide Dr. Johnson with his service treatment records in order to provide an addendum nexus opinion.

The matter is REMANDED for the following action:

1. Contact the Veteran and inform him that if he so desires, and upon proper authorization, VA may provide Dr. Johnson, the June 2015 private audiologist, (or any another private clinician) with his service treatment records to provide a medical nexus opinion in support of his appeal.

2. Schedule the Veteran for a VA examination for his right ear sensorineural hearing loss disability. The examiner must review the claims file and a copy of this Remand. 

The examiner is asked to provide a response to the following:

A) Is it at least as likely as not (50 percent probability or higher) that the Veteran's right ear sensorineural hearing loss had its onset in, or is otherwise related to, active service, including noise exposure sustained therein? 

B) Is it at least as likely as not that the Veteran's right ear sensorineural hearing loss (1) manifested within one year after discharge from service or (2) was noted during service with continuity of the same symptomatology since service?

A complete rationale must be provided to support the opinions. In so doing, the examiner is advised that the absence of hearing loss pursuant to 38 C.F.R. § 3.385 during service cannot, standing alone, serve as a basis of a negative opinion.

If relying on the IOM study, the examiner must explain how the qualifying and contradictory statements in the IOM report impact the examiner's etiology opinion. Reliance solely on the IOM study regarding delayed-onset hearing loss is not an adequate rationale.

Finally, if relying on a lack of threshold shifts in his right ear during service for a negative nexus opinion, the examiner is asked to: 1) clarify the evidence which demonstrates the absence of any permanent, significant threshold shifts in his right ear during service and 2) explain the significance, if any, of the lack of such findings.

 

 

D. JOHNSON

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board R. Caban, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.